USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8-16-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
BARTH PACKAGING, INCORPORATED,
    Plaintiff,

v.

EXCELSIOR PACKAGING GROUP, INC.,
    Defendant.
-------------------------------------------------------------x

**MEMORANDUM DECISION**

7:11-cv-2563 (VB)

Briccetti, J.:

    Plaintiff Barth Packaging, Incorporated, brings this action asserting state law claims for breach of contract and unjust enrichment. Defendant Excelsior Packaging Group, Inc. has filed a motion to dismiss plaintiff's claim for unjust enrichment (Doc. #9). For the reasons set forth below, the motion to dismiss is granted.

    The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## BACKGROUND

    For purposes of ruling on a motion to dismiss, the Court accepts all factual allegations of the complaint as true.

    Plaintiff Barth is Pennsylvania corporation with its principal place of business in Pennsylvania. It provides support and services to companies needing packaging products. Defendant Excelsior is a New York corporation with its principal place of business in New York. Excelsior manufactures bags for the baking industry.

    On April 18, 2008, Barth and Excelsior entered into an agreement pursuant to which Excelsior manufactured bags to be used by two baking companies. Following the manufacture and delivery of the bags by Excelsior, it invoiced the baking companies and received payment. Under the contract, Excelsior was to remit to Barth a commission of 12%.

1

Excelsior sent commission statements to Barth on a monthly basis listing invoices sent by Excelsior to the baking company, the amounts received from the companies, and the commissions owed by Excelsior to Barth. Excelsior performed this obligation through the February 2009 statement. From March 2009 to October 2009, Excelsior received payments from the baking companies but did not remit the appropriate commission to Barth. Barth alleges it is owed $146,595.56 in commissions plus interest.

Plaintiff asserts a claim for breach of contract and a claim for unjust enrichment. In its answer, defendant admits the parties entered into an agreement, but does not admit the scope of the agreement.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937 (2009).

Defendant seeks dismissal of the unjust enrichment claim because, it argues, a claim for unjust enrichment is not viable where there is a valid and enforceable written contract between the parties. The Federal Rules of Civil Procedure permit a plaintiff to plead alternative – even

inconsistent – theories. See Fed. R. Civ. P. 8(d)(2), (3). Under New York law, a party cannot be successful on both a breach of contract claim and a claim for unjust enrichment. See IDT Corp. v. Morgan Stanley Dean Witter & Co., 12 N.Y.3d 132, 142 (2009) ("Where the parties executed a valid and enforceable written contract governing a particular subject matter, recovery on a theory of unjust enrichment for events arising out of that subject matter is ordinarily precluded."). A party's alternative claims for breach of contract and for unjust enrichment can and should survive to discovery. See Nat'l City Commer. Capital Co., LLC v. Global Golf, Inc., 2009 U.S. Dist. LEXIS 42780, at *3-4 (E.D.N.Y. May 20, 2009) (citing cases).

Here, defendant makes two separate arguments, though it couches them as one. Defendant first argues that plaintiff's claims are inconsistent. This argument is a non-starter under Rule 8(d).

Second, defendant argues plaintiff's unjust enrichment claim relies on the fact that "Barth, in performing the Work pursuant to the Agreement, conferred a substantial benefit upon Excelsior." Complaint, ¶ 25. The unjust enrichment claim is based on the work done by plaintiff pursuant to the Agreement and defendant's failure to pay its obligations. A claim for unjust enrichment, however, cannot be based on Barth performing work pursuant to the Agreement. See Niagara Falls Water Bd. v. City of Niagara Falls, 64 A.D.3d 1142, 1143 (App. Div. 2009); Kavner v. Geller, 49 A.D.3d 281, 282 (App. Div. 2008); 22 N.Y. Jur. Contracts § 6. Instead, the unjust enrichment claim must rest on a lack of an express agreement between the parties. The presence of an express contract is fatal to recovery on a quasi-contract theory. Therefore, this claim must be dismissed and is dismissed, without prejudice.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss (Doc. #9) without prejudice. Plaintiff may file an amended complaint no later than August 23, 2011.

The Clerk is instructed to terminate this motion.

Dated: August 15, 2011
White Plains, New York

SO ORDERED:

Vincent L. Briccetti
United States District Judge